UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:07-CR-88 |
| V. ) | (Varlan / Guyton) |
| ) | |
| ROY LYNN OAKLEY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

On July 19, 2007, the above-named defendant appeared before this Court for an initial appearance and arraignment on an indictment filed July 18, 2007. Defendant Roy Oakley was present with his attorneys Herbert S. Moncier and David Weigler. Asistant United States Attorney David Dake was present on behalf of the United States. A short time before this appearance, Attorney Moncier manually filed Motion for Relief From EDTN Local Rule 83.2 to Permit Counsel to Speak Publicly as Permitted by Tenn. Sup. Ct. R. 3.6(c) in Response to Department of Justice Leaks. Just before the courtroom appearance, counsel also manually filed a Supplemental Motion along with a number of attachments and a videotape describing the publicity developing around this indictment. AUSA Dake had not had a full opportunity to review the filings and stated that the government had no position, given his understanding of the motions and the state of the rules.

The Court has reviewed the basis for Mr. Oakley's Motion for Relief From EDTN Local Rule 83.2 to Permit Counsel to Speak Publicly as Permitted by Tenn. Sup. Ct. R. 3.6(c) in Response to Department of Justice Leaks and finds the motion well-taken. The Local Rules of the

United States District Court for the Eastern District of Tennessee have expressly adopted the Rules of Professional Conduct promulgated by the Supreme Court of Tennessee. LR 83.6 provides:

> LR83.6 Rules of Professional Conduct
>
> The Rules of Professional Conduct adopted by the Supreme Court of Tennessee are hereby adopted as rules of professional conduct insofar as they relate to matters within the jurisdiction of this court.

The Tennessee Rules of Professional Conduct provide that:

> Rule 3.6 Trial Publicity
>
> (a) A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding.
>
> (b) Notwithstanding paragraph (a), a lawyer may state:
>
> (1) the claim, offense, or defense involved and, except when prohibited by law, the identity of the persons involved;
>
> (2) information contained in a public record;
>
> (3) that an investigation of a matter is in progress;
>
> (4) the scheduling or result of any step in litigation;
>
> (5) a request for assistance in obtaining evidence and information necessary thereto;
>
> (6) a warning of danger concerning the behavior of a person involved, when there is reason to believe that there exists the likelihood of substantial harm to an individual or to the public interest; and
>
> (7) in a criminal case, in addition to subparagraphs (1) through (6):
>
> (i) the identity, residence, occupation, and family status of the accused;
>
> (ii) if the accused has not been apprehended, information necessary to aid in apprehension of that person;

(iii) the fact, time, and place of arrest; and

(iv) the identity of investigating and arresting officers or agencies and the length of the investigation.

**(c) Notwithstanding paragraph (a), a lawyer may make a statement that a reasonable lawyer would believe is required to protect a client from the substantial undue prejudicial effect of recent publicity not initiated by the lawyer or the lawyer's client. A statement made pursuant to this paragraph shall be limited to such information as is necessary to mitigate the recent adverse publicity.**

(d) No lawyer associated in a firm or government agency with a lawyer subject to paragraph (a) shall make a statement prohibited by paragraph (a).

Tenn. R. Prof. Conduct Rule 3.6 [emphasis added].

Mr. Oakley's motion concerns application of LR 83.2, which does not provide for the statements that may fall within the purview of Rule 3.6 (c), above. To the extent that LR 83.2 is more restrictive than the Rules of Professional Conduct adopted by the Supreme Court of Tennessee, counsel for Mr. Oakley are relieved from compliance with the more restrictive local rule. All counsel in this case will be governed by the Tennessee Rules of Professional Conduct, Rule 3.6 with respect to public statements as described in that rule.

Defendant Oakley's Motion for Relief From EDTN Local Rule 83.2 to Permit Counsel to Speak Publicly as Permitted by Tenn. Sup. Ct. R. 3.6(c) in Response to Department of Justice Leaks and the supplement thereto, are **GRANTED**.[1]  Because of the timing of these motions, the government has 10 days from entry of this Order to file a request for reconsideration, should it elect to object.

IT IS SO ORDERED.

**ENTER**:

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Document number assignments pending transfer to electronic format.